**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
(State)

Case number (*If known*): _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**    Pear Therapeutics, Inc.

2. **All other names debtor used in the last 8 years**    Thimble Point Acquisition Corp.

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)    8 5 – 4 1 0 3 0 9 2

4. **Debtor's address**

   **Principal place of business**

   200 State Street
   Number    Street

   13th Floor

   Boston                            MA    02109
   City                              State    ZIP Code

   USA
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City    State    ZIP Code

5. **Debtor's website** (URL)    www.peartherapeutics.com

Debtor    Pear Therapeutics, Inc.                                                       Case number *(if known)*_____
         Name

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   3   2   5   4

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| Debtor | Pear Therapeutics, Inc. | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____   When _____   Case number _____
                                              MM / DD / YYYY
        District _____   When _____   Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor   Pear Therapeutics (US), Inc.      Relationship   Affiliate
         District   Delaware                         When   04/07/2023
                                                            MM / DD / YYYY
         Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number    Street
                          _____
                          _____   _____ _____
                          City                              State ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
         Contact name    _____
         Phone           _____

---

**Statistical and administrative information**

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page **3**

| Debtor | Pear Therapeutics, Inc. | Case number (*if known*) |
|---|---|---|
| | Name | |

| | | | | |
|---|---|---|---|---|
| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |

| | | | | |
|---|---|---|---|---|
| 14. | **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☒ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |

| | | | | |
|---|---|---|---|---|
| 15. | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| | | | | |
|---|---|---|---|---|
| 16. | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/07/2023

X /s/ Christopher Guiffre          Christopher Guiffre
Signature of authorized representative of debtor     Printed name

Title  Chief Financial Officer/Chief Operating Officer

Debtor  Pear Therapeutics, Inc.
         Name

Case number (if known)_____

**18. Signature of attorney**   ✗ _/s/Chantelle D. McClamb_     Date   __04/07/2023__
                                Signature of attorney for debtor              MM  / DD / YYYY

 Chantelle D. McClamb
 Printed name

 Gibbons P.C.
 Firm name

 300 Delaware Ave., Suite 1015
 Number    Street

 Wilmington                                    DE        19801
 City                                           State    ZIP Code

 (302) 518-6300                                 cmcclamb@gibbonslaw.com
 Contact phone                                  Email address

 5978                                           DE
 Bar number                                     State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

# Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __001-39969__.

2. The following financial data is the latest available information and refers to the debtor's condition on __April 5, 2023 on a__ consolidated basis.

   a. Total assets                                                          $ __65,565,520.13__

   b. Total debts (including debts listed in 2.c., below)                   $ __50,951,936.46__

   c. Debt securities held by more than 500 holders

                                                                            Approximate number of holders:

   secured ☐  unsecured ☐  subordinated ☐  $ _____   _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____   _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____   _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____   _____
   secured ☐  unsecured ☐  subordinated ☐  $ _____   _____

   d. Number of shares of preferred stock
   e. Number of shares common stock                                         __142,754,680__

   Comments, if any: _____

3. Brief description of debtor's business: __Pear is a commercial-stage healthcare company pioneering a new class of software-based medicines, sometimes referred to as Prescription Digital Therapeutics, which use software to treat diseases directly.__

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Arboretum Ventures IV, L.P.; Corey M. McCann, The Corey M. McCann Irrevocable Trust of 2021, and The McCann Family Trust; JAZZ Human Performance Opportunity Fund, L.P. and JAZZ Human Performance Technology Fund, L.P.; Kaiser Foundation Hospitals and Kaiser Permanente Group Trust; SVF II Cobbler (DE) LLC; LJ 10 LLC and KLP SPAC 1 LLC; 5AM Co-Investors, L.P., 5AM Opportunities I, L.P. and 5AM Ventures IV, L.P.; TLS Beta Pte. Ltd. and Elbrus Investments Pte. Ltd.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Pear Therapeutics, Inc. |
| United States Bankruptcy Court for the: | District of Delaware (State) |
| Case number (If known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders       12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Perceptive Advisors LLC**<br>51 Astor Place, 10th Floor<br>New York, NY 10003 | Attn: Sandeep Dixit<br>P: (646) 205-5300<br>Sandeep@perceptivelife.com;<br>PCOFReporting@perceptivelife.com | Loan Debt | Contingent, Unliquidated & Disputed | | | $10,400,000.00 |
| 2 | **Entrée Health, LLC**<br>104 Carnegie Center, Suite 300<br>Princeton, NJ 08540 | Attn: Andrew Gottfried, CEO<br>P: (212) 907-6929<br>F: (212) 867-2644<br>jrozario@omnicomhealthgroup.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $213,898.76 |
| 3 | **Fingerpaint Marketing Inc**<br>395 Broadway<br>Saratoga Springs, NY 12866 | Attn: Ed Mitzen, CEO<br>P: (518) 693-6960<br>kwichelns@fingerpaint.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $179,332.06 |
| 4 | **Academy of Managed Care Pharmacy**<br>675 N. Washinton Street, Suite 220<br>Alexandria, VA 22314 | Attn: Paula J. Eichenbrenner, Executive Director<br>P: (703) 684-2600 ext. 605<br>F: (703) 684-2651<br>paula@amcpfoundation.org | Trade Claim | Contingent, Unliquidated & Disputed | | | $167,500.00 |
| 5 | **Truepill, Inc**<br>3121 Diablo Avenue<br>Hayward, CA 94545 | Attn: Umar Afridi, CEO<br>P: (925) 412-3130<br>F: (866) 889-0117<br>AR@truepill.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $142,380.46 |
| 6 | **SVASUM AB**<br>Esbjornsgatan 4<br>Orebro, 702 17<br>Sweden | Attn: CEO or General Counsel<br>P: +46 702 524 480<br>hollandare@hotmail.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $125,000.00 |
| 7 | **Golin Harris International**<br>909 3rd Avenue<br>New York, NY 10022 | Attn: Matt Neale, CEO<br>P: (212) 373-6000<br>CMGRemits@interpublic.com;<br>dlangeland@golin.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $124,819.08 |
| 8 | **Hannaford & Dumas Corporation**<br>26 Conn St<br>Woburn, MA 01801 | Attn: Steve Bryer, Owner<br>P: (781) 503-0100<br>F: (781) 503.0103<br>jdavis@hannaforddumas.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $123,798.71 |

Official Form 204      Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims      page 1

Debtor  **Pear Therapeutics, Inc.**    Case number (*if known*) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **CP MA REIT LLC**<br>dba CP 200 State LLC<br>c/o Carr Properties<br>Washington, DC 20036 | Attn: John A. Schissel, President & Director<br>P: (202) 355-1880<br>jmitek@carrprop.com | Lease Claim | Contingent, Unliquidated & Disputed | | | $117,059.96 |
| 10 | **Covington & Burling LLP**<br>One CityCenter<br>850 Tenth Street, N.W.<br>Washington, DC 20001 | Attn: Doug Gibson, Chair of Mgmt Committee<br>P: (202) 662-6709<br>dgibson@cov.com | Professional Services | Contingent, Unliquidated & Disputed | | | $104,042.11 |
| 11 | **Amazon Web Services**<br>PO Box 84023<br>Seattle, WA 98124-8423 | Attn: Adam Selipsky, CEO<br>P: (206) 266-1000; (206) 266-4064<br>aws-receivables-support@email.amazon.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $100,467.67 |
| 12 | **TTEC Holdings, Inc.**<br>dba TTEC Government Solutions, LLC<br>9197 South Peoria Street<br>Englewood, CO 80112 | Attn: Kenneth Tuchman, CEO<br>P: (800) 835-3832<br>AR_Global@TTEC.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $96,936.00 |
| 13 | **Sugata Research**<br>3F Ishiyama Bldg<br>1-58-1 Yoyogi<br>Shibuya-ku Tokyo, 151-0053<br>Japan | Attn: Andrew Darton, Managing Director<br>P: +81-3-5304-0339<br>F: +81-3-5304-0340<br>fukasawa@sugataresearch.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $88,837.50 |
| 14 | **HealthVerity, Inc**<br>1818 Market Street, Suite 700<br>Philadelphia, PA 19103 | Attn: Andrew Kress, CEO<br>P: (267) 262-6776<br>accounting@healthverify.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $81,625.00 |
| 15 | **Definitive Healthcare LLC**<br>492 Old Connecticut Path<br>Framingham, MA 01701 | Attn: Robert Musslewhite, CEO<br>P: (866) 679-6461<br>billing@definitivehc.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $79,805.75 |
| 16 | **Q2i LLC**<br>134 Birch Drive<br>Rindge, NH 04361 | Attn: Steven Jenkins, CEO<br>P: (617) 812-2602<br>RuthAnn@q2i.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $70,588.23 |
| 17 | **Oxford University Press**<br>2001 Evans Road<br>Cary, NC 27513 | Attn: Nigel Portwood, CEO<br>P: (919) 677-0977<br>F: (919) 677-1714<br>cynthia.nowell@oup.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $63,709.08 |
| 18 | **ABio Clinical Research Partners, LLC**<br>13926 Hull Street Road, #160<br>Midlothian, VA 23112 | Attn: Andrea Brown, President<br>P: (804) 638-8598<br>bbrown@abioclinical.co | Trade Claim | Contingent, Unliquidated & Disputed | | | $51,377.60 |
| 19 | **Pendo.io Inc.**<br>301 Hillsborough St, Suite 1900<br>Raleigh, NC 27603 | Attn: Todd Olson, CEO<br>P: (919) 275-5477<br>billing@pendo.io | Trade Claim | Contingent, Unliquidated & Disputed | | | $50,000.00 |
| 20 | **Schellman & Company LLC**<br>4010 West Boy Scout Blvd, Suite 600<br>Tampa, FL 33607 | Attn: Avani Desai, CEO<br>P: (866) 254-0000<br>F: (888) 504-0967<br>schellman@myworkday.com | Professional Services | Contingent, Unliquidated & Disputed | | | $47,500.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Deloitte Tax LLP**<br>4022 Sells Drive<br>Hermitage, TN 37076 | Attn: Steve Kimble, CEO<br>P: (615) 882-7600<br>F: (615) 882-6600<br>deloittepayments@deloitte.com | Professional Services | Contingent, Unliquidated & Disputed | | | $46,500.00 |
| 22 | **Brownstein Hyatt Farber Schreck LLP**<br>410 17th Street, Suite 200<br>Denver, CO 80202 | Attn: Richard Benenson, Managing Partner<br>P: (303) 223-1417<br>F: (303) 223-8003<br>svogler@bhfs.com | Professional Services | Contingent, Unliquidated & Disputed | | | $46,000.00 |
| 23 | **Panalgo LLC**<br>265 Franklin Street, Suite 1101<br>Boston, MA 02110 | Attn: Tiffany Siu Woodworth, President<br>P: (781) 290-0808<br>AR@Panalgo.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $41,000.00 |
| 24 | **Managed Markets Insight & Technology**<br>dba MMIT<br>1040 Stony Hill Road, Suite 300<br>Yardley, PA 19067 | Attn: Diana Watson, CEO<br>P: (267) 753-6800<br>AR-MMIT@mmitnetwork.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $37,400.00 |
| 25 | **Auditboard, Inc**<br>12900 Park Plaza Drive, Suite 200<br>Cerritos, CA 90703 | Attn: Scott Arnold, President & CEO<br>P: (877) 769-5444<br>accountsreceivable@auditboard.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $36,875.00 |
| 26 | **Gardner Resources Consulting LLC**<br>110 Cedar Street, Suite 20<br>Wellesley, MA 02481 | Attn: Steve Naha, CEO<br>P: (781) 997-5239<br>finance@grgc.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $32,976.00 |
| 27 | **McGrath Consulting Group, Inc.**<br>2077 2nd Street Dr NW<br>Hickory, NC 28601 | Attn: John P McGarth, President<br>P: (828) 238-6785<br>jmcgrath10@gmail.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $30,150.00 |
| 28 | **Tropic Technologies, Inc.**<br>920 Broadway, 2nd Floor<br>New York, NY 10010 | Attn: David Campbell, CEO<br>P: (800) 981-6303<br>accounting@tropicapp.io | Trade Claim | Contingent, Unliquidated & Disputed | | | $28,750.00 |
| 29 | **Manning Personnel Group**<br>211 Congress St, 10th Floor<br>Boston, MA 02110 | Attn: Jack Manning, President<br>P: (617) 523-8866<br>rbagge@manningpg.com | Trade Claim | Contingent, Unliquidated & Disputed | | | $27,500.00 |
| 30 | **EP Mediate Co., Ltd.**<br>1-8 Tsukudo-cho<br>Shinjuku-ku Tokyo, 1620821<br>Japan | Attn: Masanori Tanji, President<br>P: +81-3-5657-9131<br>F: +81-3-5657-9129<br>uchida.keiko247@eps.co.jp | Trade Claim | Contingent, Unliquidated & Disputed | | | $27,053.64 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| PEAR THERAPEUTICS, INC., | Case No. _____ (____) |
| Debtor. | Federal Tax I.D. No. 85-4103092 |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT**
**TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3) and 7007.1**

Pursuant to Rule 1007(a)(1), 1007(a)(3) and 700.1 of the Federal Rules of Bankruptcy Procedures, Pear Therapeutics, Inc., the above captioned debtor and debtor in possession (the "Debtor"), respectfully represents:

1. The Debtor is a publicly traded company.

2. The Debtor is 11.7% owned by 5AM Co-Investors IV, L.P., 5AM Opportunities I, L.P., and 5AM Ventures IV, L.P. (together, "5AM").

3. The Debtor is also 18.8% owned by TLS Beta Pte. Ltd. and Elbrus Investments Ptd. Ltd. (together, "Temasek").

FH11344890.1

**Fill in this information to identify the case and this filing:**

Debtor Name: Pear Therapeutics, Inc.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*): _____

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Interest Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/07/2023
MM / DD / YYYY

X _____
Signature of individual signing on behalf of debtor

*DocuSigned by: Christopher Guiffre — 11C3AC391A1E466...*

Christopher Guiffre
Printed name

Chief Financial Officer/Chief Operating Officer
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# BOARD RESOLUTIONS AUTHORIZING CHAPTER 11

The undersigned, being all the members of the board of directors (the "**Board**") of Pear Therapeutics, Inc. (the "**Corporation**"), hereby take the following actions and adopt the following resolutions pursuant to the by-laws of the Corporation and in accordance with the provisions of Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Board has considered presentations by the management and the financial and legal advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and the effect of the foregoing on the Corporation's business; and

WHEREAS, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Corporation and to fully consider each of the strategic alternatives available to the Corporation and has determined, in the judgment of the Board, that the following resolutions are in the best interests of the Corporation and its creditors.

NOW, THEREFORE, BE IT:

## CHAPTER 11 FILING

RESOLVED: That, in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the Corporation shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "**Chapter 11 Case**") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

RESOLVED: That the duly appointed officers of the Corporation (collectively, the "**Authorized Signatories**"), acting alone or with one or more other Authorized Signatories be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Corporation all petitions, schedules, lists, and other motions, pleadings, papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Corporation's business.

## RETENTION OF PROFESSIONALS

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Foley Hoag LLP ("**Foley Hoag**"), as general bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including the preparation and filing of any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Corporation in the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, if

required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain Foley Hoag;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Gibbons P.C. ("*Gibbons*"), as Delaware counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including the preparation and filing of any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Corporation in the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain Gibbons;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("*WilmerHale*"), to render legal services as special counsel to the Corporation pursuant to section 327(e) of the Bankruptcy Code to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain WilmerHale;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ Sonoran Capital Advisors, LLC ("*Sonoran*") as financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, hereby is, authorized, empowered, and directed, on behalf of and in the name of the Corporation, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Sonoran;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ MTS Health Partners, L.P. ("*MTS*") as financial advisor and to represent and assist the Corporation in connection with any sale or restructuring of the Corporation's assets and liabilities and in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations in connection with the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, hereby is, authorized, empowered, and

2

    directed, on behalf of and in the name of the Corporation, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of MTS;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ Stretto, Inc. ("***Stretto***") as notice, claims, solicitation, and balloting agent in connection with the Chapter 11 Case and to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed, on behalf of and in the name of the Corporation, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed appropriate applications for authority to retain the services of Stretto;

RESOLVED: That each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable; and

RESOLVED: That each of the Authorized Signatories, acting alone or in any combination, be, and each hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, appropriate, or desirable in connection with the Chapter 11 Case.

**GENERAL**

RESOLVED: That, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Corporation, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

RESOLVED: That the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waives any right to have received such notice;

RESOLVED: That any and all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, adopted, confirmed, and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board;

RESOLVED: That each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Corporation with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary, appropriate, or desirable in such Authorized Signatory's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein; and

RESOLVED: That this unanimous omnibus written consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same consent; and facsimile or photostatic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

**IN WITNESS WHEREOF**, each of the undersigned directors has executed this Unanimous Written Consent of Directors, which will be effective on the earliest date by which it has been executed by all of the members of the Board (the "*Effective Date*"):

By: *Tim Wicks*
Name: Tim Wicks
Title: Director
Date: 4/6/2023

By: *Alison Bauerlein*
Name: Alison Bauerlein
Title: Director
Date: 4/6/2023

By: *Nancy Schlichting*
Name: Nancy Schlichting
Title: Director
Date: 4/6/2023

By: *Paul Mango*
Name: Paul Mango
Title: Director
Date: 4/6/2023

By: *Shivakumar Rajaraman*
Name: Shivakumar Rajaraman
Title: Director
Date: 4/6/2023

By: *Kirthiga Reddy*
Name: Kirthiga Reddy
Title: Director
Date: 4/6/2023

By: *Corey McCann*
Name: Corey McCann
Title: Director
Date: 4/6/2023

Being all of the Members of the Board of Directors of Pear Therapeutics, Inc.

Effective Date: April 6, 2023